REMAND/JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 16-2745-GW(GJSx) | Date | July 20, 2016 |
| Title | *David Malone v. AMI Acepex JV* | | |

| | |
|---|---|
| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE |

| Javier Gonzalez | Katie Thibodeaux | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Angel James Horacek | Gayle Lynne Gonda |

**PROCEEDINGS:**  IN CHAMBERS - RULING ON PLAINTIFF'S MOTION FOR REMAND [12]

    For the reasons stated in the June 23, 2016 Tentative Ruling (*see* Docket No. 18), this Court found that Labor Management Relations Act preemption did not provide a basis for subject matter jurisdiction over this lawsuit. As to the issue of federal enclave jurisdiction (the other ground which Defendant utilized to remove this action), the Court asked for supplement briefing from both parties. *Id.* Said briefs have been filed. *See* Dockets Nos. 19 - 20. Following a review of those materials and the cases cited therein, the Court concludes that the federal enclave doctrine does not provide a basis for subject matter jurisdiction herein.

    "Federal courts have federal question jurisdiction over tort claims that arise on 'federal enclaves.'" *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1250 (9th Cir. 2006). In addition to tort claims, the federal enclave doctrine has been held to encompass state law discrimination claims against a private company. *See e.g. Rosseter v. Indus. Light & Magic*, Case No. C-08-04545 WHA, 2009 U.S. Dist. LEXIS 5307 (N.D. Cal., Jan. 27, 2009); *Stiefel v. Bechtel Corp.*, 497 F. Supp. 2d 1138, 1147-48 (S.D. Cal. 2007); *Taylor v. Lockheed Martin Corp.*, 78 Cal. App. 4th 472, 478 (2000).

    The Declaration of Thomas Rhee (which is attached to the Notice of Removal – *see* Docket No. 1-7) at paragraph 7 indicates that "Plaintiff performed the entirety of his work duties for Defendant at the federal courthouse and federal building located at 312 North Spring Street, in Los Angeles, California." However, not every occupation of land within a state by the United States Government will give rise to a "federal enclave."

    Article I, Section 8, Clause 17 of the United States Constitution provides that Congress shall have the power to exercise exclusive legislation over all places purchased by the Federal government with the consent of the legislature of the state in which the property is located. As stated in *Paul v. United States*, 371 U.S. 245, 264-65 (1963):

| | : |
|---|---|
| Initials of Preparer | JG |

REMAND/JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-2745-GW(GJSx) | Date | July 20, 2016 |
|---|---|---|---|
| Title | *David Malone v. AMI Acepex JV* | | |

The power of the Federal Government to acquire land within a State by purchase or by condemnation without the consent of the State is well established. *Kohl v. United States*, 91 U.S. 367, 371. But without the State's "consent" the United States does not obtain the benefits of Art. I, § 8, cl. 17, its possession being simply that of an ordinary proprietor. *James v. Dravo Contracting Co.*, 302 U.S. 134, 141-142. In that event, however, it was held in *Ft. Leavenworth R. Co. v. Lowe*, 114 U.S. 525, 541, 542, that a State could complete the "exclusive" jurisdiction of the Federal Government over such an enclave by "a cession of legislative authority and political jurisdiction."

Thus, if the United States acquires with the "consent" of the state legislature land within the borders of that State by purchase or condemnation for any of the purposes mentioned in Art. I, § 8, cl. 17, or if the land is acquired without such consent and later the State gives its "consent," the jurisdiction of the Federal Government becomes "exclusive." . . . . In either event, whether the land is acquired by purchase or condemnation on the one hand or by cession on the other – a State may condition its "consent" upon its retention of jurisdiction over the lands consistent with the federal use. *James v. Dravo Contracting Co., supra*, 146-149. Moreover, as stated in *Stewart & Co. v. Sadrakula*, 309 U.S. 94, 99-100:

> "The Constitution does not command that every vestige of the laws of the former sovereignty must vanish. On the contrary its language has long been interpreted so as to permit the continuance until abrogated of those rules existing at the time of the surrender of sovereignty which govern the rights of the occupants of the territory transferred. This assures that no area however small will be left without a developed legal system for private rights."

*See also United States v. Davis*, 726 F.3d 357, 364 (2nd Cir. 2013) (". . . the United States does not have jurisdiction over all lands owned by the federal government within the states . . . . the Supreme Court and other courts have held in various cases that the federal government lacked jurisdiction over certain federal military installations, post offices, and hospitals, even though they were on federal land.").

Here, neither the Complaint, the Notice of Removal nor the supplemental briefs of the parties provide any evidence that the California legislature had at any time "consented" to the United States purchase of the property on which the Federal Courthouse now sits ("Property"). Defendant has provided: (1) a copy of a deed which indicates that on September 12, 1904, the United States of America purchased part of the Property from certain private individuals (*i.e.* the Mesmers, Flints and Harpers), and (2) a copy of a warranty deed which indicates that on February 15, 1932, the United States purchased additional portions of the Property from the City of Los Angeles. *See* Docket No. 1-6 at pages 4 through 8 of 8. There is no evidence

:

Initials of Preparer   JG

**REMAND/JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-2745-GW(GJSx) | Date | July 20, 2016 |
|---|---|---|---|
| Title | *David Malone v. AMI Acepex JV* | | |

that the United States purchased the Property from the State or that the California legislature specifically consented to surrender its sovereignty over the Property.

    In light of the above, the Court finds that the Defendant has failed to establish that the federal enclave doctrine provides a basis for subject matter jurisdiction over this action. Hence, for the reasons stated herein and in the June 23, 2016 Tentative Ruling, Plaintiff's Motion to Remand is GRANTED.

 

                                                                                                                                   :

Initials of Preparer    JG